UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re ) | Case Nos.: 22-30388-thp11 |
| ) | 22-30389-thp11 |
| GUILDWORKS, LLC and ) | |
| GUILDWORKS-WORKS, LLC ) | Jointly Administered Under |
| ) | Case No.: 22-30388-th11 |
| ) | |
| ) | CHAPTER 11 TRUSTEE'S |
| ) | STATUS REPORT |
| ) | |
| Debtors ) | |

Currently, local rules contemplate that the LBF 1195 will be filed within 120 days of entry of an Order Confirming Plan, even when the Plan is confirmed as a non consensual Plan under 11 USC 1191(b). Since the bankruptcy estate, and case, remain open in a non consensual plan for the life of the confirmed Plan, local rules authorize the Chapter 11 Trustee (Case Trustee), or other designated party, to file a status report, in lieu of LBF 1195, and to thereafter file a further status report every six months until the Plan has been completed, at which time LBF 1195 would be filed.

The Debtor's Plan of Reorganization was confirmed as a non consensual Plan on September 13, 2022. Pursuant to the Confirmation Order, the Debtor is responsible for making all Plan Payments. The debtor subsequently defaulted in his Plan payments and an Amended Plan of Reorganization was filed and confirmed by the court on September 17, 2024. The Order confirming the Amended Plan provided that the Trustee's next status report would be due January 15, 2025. Future status reports will be filed at six month intervals from that date.

**CURRENT STATUS REPORT**

The Debtor has conceded that it is seriously delinquent in its obligations owing to the IRS, the Oregon Department of Revenue, and the Oregon Employment Department. In addition, the Debtor has recently reported that previous representations that ongoing payroll taxes were being paid in the normal course was incorrect. The Debtor maintains that this is the fault of the payroll processing company that was hired over a year ago to address the fact that the had previously failed to pay post confirmation payroll taxes. However, the Debtor has yet to provide any further details. At this time, it appears that the Debtor owes over $1 million dollars in pre and post petition taxes to these three taxing agencies.

To address thesis delinquencies, the Debtor has filed a Second Amended Plan of Reorganization which, in general, proposes to extend the Plan until September, 2027 and to make monthly payments intended to fully pay the obligations owing to the taxing agencies for pre and post petition taxes. The budget attached to the Debtor's proposed Second Amended Plan does not appear to cover that obligation. Consequently, the Trustee expects further amendments which may include increased monthly payments and/or a balloon payment in September, 2027. An evidentiary hearing to consider approval of the Debtor's Second Amended Plan of Reorganization is set for January 20, 2025 at 1:30pm.

In response to the Debtor's failure to pay post petition payroll taxes, the U. S. Trustee has filed a Motion to Dismiss the Debtor's Chapter 11 proceeding, or, alternatively, Convert the case to a Chapter 7 proceeding. That Motion has also been set for hearing on January 20th. The Trustee anticipates that if the Debtor cannot provide a feasible plan for bringing his payroll tax obligations current, as well as a credible explanation as to why his previous representations that he was paying post confirmation payroll taxes when due, together with a credible commitment to keep payroll taxes current should the Second Amended Plan be approved, that the court will convert the case to a Chapter 7 proceeding.

Attached to this report as **Exhibit A** is a detail of the debtor's Plan Payments as of the date of this report. This exhibit is updated to include the Debtor's projected obligations under the proposed Second Amended Plan. If the Debtor's representations are accurate, then it

would appear that the Debtor is current on his payments to all allowed claims, with the exception of the amounts owing to the taxing agencies. The Trustee has not been contacted by any creditors, other then the taxing agencies, advising that they have not received their Plan payments.

**CONCLUSION**

The Trustee anticipates that the hearing on January 20th will result in either approval of the Debtor's proposed Second Amended Plan of Reorganization, or conversion of the Debtors case to a Chapter 7 proceeding. If the Amended Plan is approved, then independent verification that amended Plan payments are being made, along with ongoing payroll tax obligations, will likely be required.

Respectfully submitted,

/s/ Kenneth S. Eiler
Chapter 11 Trustee

c: by ecf only

# EXHIBIT A
### (Plan Payments – Revised 1-9-26)

| | | |
|---|---|---|
| PLAN CONFIRMED | | 9-15-22 |
| EFFECTIVE DATE | | 9-29-25 |
| FINAL PLAN PAYMENT | | DUE 9-15-27 UNDER PROPOSED SECOND AMENDED PLAN |
| CLASS 1 | BIN | RECEIVING MONTHLY PAYMENTS WHICH ARE CURRENT; TO BE PAID IN FULL BY 4-15-26 |
| CLASS 2 | BIZ FUND | ALREADY PAID IN FULL |
| CLASS 3 | SBA | RECEIVING MONTHLY PAYMENTS PER CONTRACT WHICH ARE CURRENT |
| CLASS 4 | IRS | TO BE PAID PER EXHIBIT 2 OF THE PROPOSED SECOND AMENDED PLAN AND IN FULL BY SEPTEMBER, 2027 |
| CLASS 5 | ODR | TO BE PAID PER EXHIBIT 2 OF THE PROPOSED SECOND AMENDED PLAN AND IN FULL BY SEPTEMBER, 2027 |
| CLASS 6 | TORT | ALREADY PAID IN FULL |
| CLASS 7 | MCA LENDERS | ALREADY PAID IN FULL |
| CLASS 8 | UNSECURED | ALREADY PAID, IE $20,000 |