UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>GUILDWORKS, LLC and<br>GUILDWORKS-WORKS, LLC<br><br>Debtors. | Case No. 22-30388-thp11 (Lead Case)<br><br>Case No. 22-30389-thp11<br><br>UPDATED RESPONSE TO MOTION TO DISMISS OR CONVERT JOINTLY ADMINISTERED CHAPTER 11 CASES |

Secured creditor Seattle Economic Development Fund, dba Business Impact NW ("BINW"), hereby updates its response to the United States Trustee's Motion to Dismiss or Convert Debtor's Cases (ECF No. 243). While BINW, the first position secured creditor of Guildworks, LLC ("Debtor"), had supported the Debtor's efforts to amend its plan and continue payments in a court supervised proceeding, such efforts by the Debtor has ceased. Therefore, BINW respectfully requests that the Court convert this proceeding to chapter 7 rather than dismiss the proceeding and end court oversight of the Debtor.

As this Court is well aware, the Debtor has had challenges complying with its obligations, under both bankruptcy law and state laws, regarding tax payments. Further, over the life of the plan thus far, the Debtor has frequently been late or skipped payments required under the



confirmed plan. As of the end of last month, BINW's debt owed by the Debtor totaled $69,781.19. *See* Declaration of Christopher Stone.

The evidence in the record indicates that there would be enough funds in the estate to pay secured creditors in full and the remaining funds will be available to pay administrative and priority creditors. Compare ECF No. 222, Ex. 1 (Liquidation Analysis) with ECF No. 240, Ex. A (Chapter 11 Trustee's Status Report; summary of remaining claims to be paid).

The determination of whether to convert or dismiss lies within the broad discretion of the bankruptcy court, subject to what is in the best interests of creditors and the bankruptcy estate. *In re Veltmann*, 2007 Bankr. LEXIS 4002, at *8 (Bankr. D.N.M. Nov. 21, 2007) (citing *In re Helmers,* 361 B.R. 190, 196 (Bankr.D.Kan. 2007). The following factors are relevant to the Court's analysis of whether to convert or dismiss:

> (1) whether some creditors received preferential payments, whether equality of distribution would be better served by conversion rather than dismissal; (2) whether there would be a loss of rights granted in the case if it were dismissed rather than converted; (3) whether the debtor would simply file a further case upon dismissal; (4) the ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors; (5) in assessing the interest of the estate, whether conversion or dismissal of the estate would maximize the estate's value as an economic enterprise; (6) whether any remaining issues would be better resolved outside the bankruptcy forum; (7) whether the estate consists of a "single asset,"; (8) whether the debtor had engaged in misconduct and whether creditors are in need of a chapter 7 case to protect their interests; (9) whether a plan has been confirmed and whether any property remains in the estate to be administered; and (10) whether the appointment of a trustee is desirable to supervise the estate and address possible environmental and safety concerns.

*Helmers,* 361 B.R. at 196-197 (quoting 7 Collier on Bankruptcy, P 1112.04[6] (Alan N. Resnick and Henry J. Sommer, eds., 15th ed. rev. 2005)).

BINW maintains that the strongest factors weighing in favor of conversion are factors (1) and (8). Despite the Debtor having made substantial payment to junior ranking creditors and administrative claimants, including the complete payoff of a junior secured claim, first position secured lender BINW has not been repaid. Further, given the Debtor's history of late and skipped

RESPONSE TO MOTION TO DISMISS OR CONVERT JOINTLY ADMINISTERED CHAPTER 11 CASES - 2

DBS | LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
819 VIRGINIA STREET, SUITE C2 | SEATTLE, WA 98101
PHONE: (206) 489.3802 | FAX: (206) 973.8737

payments, its inability to manage and pay its post-petition tax obligations, and the inability to amend its plan of reorganization, BINW maintains that the liquidation of Debtor's assets under the supervision of a chapter 7 trustee is advisable.

Debtors appear to have substantial non-exempt assets available for administration and it is in the best interests of creditors and the estate to convert this case to a Chapter 7 proceeding and allow a Chapter 7 trustee to administer those assets and pay creditors in accordance with their statutory priorities.

DATED this 17th day of February 2026.

DBS | LAW

*/s/ Daniel J. Bugbee*
Daniel J. Bugbee, OSB. 155244
819 Virginia Street, Suite C-2
Seattle, WA 98101
P: (206) 489-3819
dbugbee@lawdbs.com
*Attorneys for Business Impact NW*

RESPONSE TO MOTION TO DISMISS OR CONVERT JOINTLY ADMINISTERED CHAPTER 11 CASES - 3

DBS | LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
819 VIRGINIA STREET, SUITE C2 | SEATTLE, WA 98101
PHONE: (206) 489.3802 | FAX: (206) 973.8737

**CERTIFICATE OF SERVICE**

I, Daniel J. Bugbee hereby certify on February 17, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which causes parties who are registered ECF participants to be served by electronic means.

Dated this 17th day of February 2026, at Seattle, Washington.

*/s/ Daniel J. Bugbee*
Daniel J. Bugbee, OSB #155244

RESPONSE TO MOTION TO DISMISS OR CONVERT JOINTLY ADMINISTERED CHAPTER 11 CASES - 4

DBS | LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
819 VIRGINIA STREET, SUITE C2 | SEATTLE, WA 98101
PHONE: (206) 489.3802 | FAX: (206) 973.8737